UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JENSEN ENTERPRISES INC., a Nevada corporation, dba JENSEN PRECAST, | )  Case No: 3:12-cv-00100-RCJ-VPC |
| | )  **ORDER** |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| POISSON COMMUNICATIONS, INC., an Oklahoma corporation, and TERESA A. POISSON, an individual, | ) |
| Defendants. | ) |

Currently before the Court is Plaintiff Jensen Enterprises Inc.'s Motion for Entry of Default Judgment Against Defendants Poisson Communications, Inc. and Teresa A. Poisson pursuant to Fed. R. Civ. P. 55(b)(2) (#14).  Plaintiff has also moved for attorney's fees and costs. (Mot. for Default Judg. (#14) at 3-5).

**BACKGROUND**

On February 17, 2012, Plaintiff Jensen Enterprises Inc., dba Jensen Precast ("Plaintiff") filed a complaint in this Court based on diversity jurisdiction against Defendants Poisson Communications, Inc. ("Company") and Teresa A. Poisson (collectively "Defendants"). (Compl. (#1) at 1).  The complaint alleged that Defendants purchased a large volume of manholes, handholes and other concrete forms from Plaintiff for use in ongoing construction and maintenance work at Nellis Air Force Base in Nevada.  (Compl. (#1) at 2).  The complaint alleged that Teresa A. Poisson made the purchase via credit application on behalf of the Company.  (*Id.*).  The complaint alleged that the credit application included a service charge of 1.5% per month, or 18% annually, and that Plaintiff could recover all costs of suit, attorney's fees, and collection fees in the event of a payment default.  (*Id.*).  Further, Plaintiff's complaint alleged that the credit application included a Personal Guarantee, executed by Teresa A. Poisson, as an individual, in which she guaranteed "any and all charges and/or money due," including

attorney's fees and costs.  (*Id.*).  As per the purchase, the Complaint alleged that Plaintiff provided Company with in excess of $140,000 worth of precasted concrete materials.  (*Id.*).  The complaint alleged that Defendants have not paid for the materials, despite Plaintiff's numerous demands.  (*Id.* at 1-2).  Accordingly, the complaint alleged the following causes of action: (1) breach of contract, (2) unjust enrichment/quantum merit, and (3) breach of Personal Guarantee.[1] (*Id.* at 3-5).

On February 27, 2012, Defendant Teresa A. Poisson was properly served the summons and complaint at her home residence.  (*See* Affidavit (#6) at 2).  On March 21, 2012, Defendant Company was properly served to Company's resident agent at her home, and then on April 4, 2012, Defendant Company was properly served again to Company's registered office.  (*See* Proof of Service (#7) at 2; *see also* Proof of Service (#8) at 2).  On June 12, 2012, Plaintiff filed a fourteen-day notice of intent to take default, and mailed it to Defendants' registered office and residence.  (Not. of Intent (#9)).  Defendants did not file a response.  (*See generally* Docket Sheet).

On March 28, 2013, Plaintiff filed a motion for entry of Clerk's default on the complaint.  (Mot. for Clerk's Default (#11)).  The Clerk's office entered default as to Defendants on March 29, 2013.  (Default (#13) at 3).  Plaintiff then filed a motion for default judgment with this Court on April 1, 2013.  (Mot. for Default Judg. (#14)).  Along with the motion, Plaintiff filed concurrent affidavits from Tyrus Cobb and Matthew C. Addison.  (*Id.* at 1).  Plaintiff's motion alleged that Defendants owed $207,569.59 as of April 1, 2013, including the interest accrued on the unpaid invoices as of that date at the contractual rate of 18% per annum.  (*Id.* at 3).  Plaintiff's motion sought additional interest at the amount of 18% per year until the date judgment is entered, which amounts to $73.32 per day.  (*Id.* at 7).  Finally, Plaintiff's motion

---

[1] Although the complaint did not specify against whom Plaintiff is bringing each cause of action, the Court presumes that the first and second causes of action are against the Company, and the third cause of action is against Teresa A. Poisson.  *See Forsythe v. Overmyer*, 576 F.2d 779, 783-784 (9th Cir. 1978) (holding that the signer of a Personal Guarantee interjected himself into a transaction by assuming personal liability in the event of default, and was therefore individually subject to the jurisdiction specified in a sales-lease contract).

sought attorney's fees in the amount of $15,131.25 and collection costs in the amount of $473.85, pursuant to Fed. R. Civ. P. 54 and Local Rules 54-1 through 54-16.  (*Id*. at 3-5).

## LEGAL STANDARD

Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Federal Rule of Civil Procedure 55(b)(2) provides that a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of the rule.  *See* Fed. R. Civ. P. 55(b)(2); *see also TruSeal Technologies, Inc. v. Beijing Hulali Architecture Decoration Co., Ltd.*, 2:08-CV-1338-JCM-LRL, 2010 WL 5387585, at *1 (D. Nev. Dec. 21, 2010).

## DISCUSSION

On March 29, 2013, the Clerk of the Court entered default against Defendants for Defendants' failure to answer Plaintiff's complaint or otherwise defend the instant lawsuit. (Default (#13) at 3).  Plaintiff now moves this Court for an entry of default judgment against Defendants based on Federal Rule of Civil Procedure 55(b)(2).  (Mot. for Default Judg. (#14)). Plaintiff also seeks attorney's fees and costs pursuant to Fed. R. Civ. P. 54 and Local Rules 54-1 through 54-16.  (Mot. for Default Judg. (#14) at 3-5).

## I.  Default Judgment

The choice whether to enter a default judgment lies within the discretion of the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Default judgments are usually disfavored because cases should be decided on their merits whenever possible.  *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985); *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).  In the determination of whether to grant a default judgment, the trial court generally considers the seven factors articulated in *Eitel*.  782 F.2d at 1471-72.  These factors are: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits.  *Id*.  In applying the *Eitel* factors, the factual allegations of the complaint,

except those relating to damages, should be taken as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).

The first *Eitel* factor weighs in favor of granting Plaintiff's motion because Plaintiff would be prejudiced by an unfavorable decision. Defendants have not answered or otherwise responded to Plaintiff's complaint. (*See generally* Docket Sheet). Due to the likelihood that Defendants will continue to ignore Plaintiff's request, Plaintiff would likely not be allowed to litigate its claims should this Court deny the motion. *See United States v. Twenty-Four Thousand Dollars ($24,000) in United States Currency*, 2:09-CV-2319-LRH-RJJ, 2010 WL 2695637, at *2 (D. Nev. July 2, 2010). In that event, Plaintiff would be "without other recourse for recovery." *Nevada Prop. 1 LLC v. Newcosmopolitanlasvegas.com*, 2:12-CV-866-JCM-NJK, 2013 WL 167755, at *2 (D. Nev. Jan. 15, 2013).

The second and third *Eitel* factors favor a default judgment if Plaintiff's claims are meritorious and the complaint sufficiently states a claim for relief consistent with the liberal pleading standards of Fed. R. Civ. P. 8. *See* Fed. R. Civ. P. 8; *see also Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). Regarding the first cause of action, in order to demonstrate breach of contract, a plaintiff must show (1) formation of a valid contract; (2) performance or excuse of performance by plaintiff; (3) material breach by defendants; and (4) damages. *Bernard v. Rockhill Dev. Co.,* 734 P.2d 1238, 1240 (Nev. 1987) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement."). Here, Plaintiff's complaint states plausible claims for relief based on (1) the formation of a contract in the form of a Credit Application under which Defendants promised to pay, (2) Plaintiff's delivery of the materials, (3) Defendants' breach of the Credit Application, and (4) resulting unpaid invoices. (*See* Compl. (#1) at 2-3). Regarding the second claim, under Nevada law, unjust enrichment occurs when a person has and retains benefit that, in equity and good conscience, belongs to another. *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975*, 942 P.2d 182, 187 (Nev. 1997). However, an action based on the theory of unjust enrichment is not available when an express written contract exists, because the agreement is no longer implied. *Id.* Here, the complaint states a plausible claim for unjust enrichment, given that

Plaintiff provided construction materials on the expectation of payment, and Defendants would be unjustly enriched if allowed to keep the materials without paying.  (Compl. (#1) at 3-4).  However, because the complaint alleged a written contract in the form of a Credit Application, Plaintiff's unjust enrichment claim fails because the contract is written, not implied.  (*See id*. at 2).  Regarding the third cause of action, Plaintiff's complaint properly alleges breach of Personal Guarantee, as Teresa A. Poisson allegedly signed the Credit Application, including a Personal Guarantee clause, and then failed to adhere to the clause's guarantee of payment.  (*See id.* at 3-5).  Because the Court assumes that all factual allegations of the complaint are true, this satisfies the second *Eitel* factor.

As to the third *Eitel* factor, Plaintiff's complaint is well pleaded as it identifies Defendants, enumerates the terms of the Credit Application at issue, alleges that Defendants breached that contract and the Personal Guarantee therein, and proposes causes of action for Defendants' conduct.  (*See* Compl. (#1)).

Under the fourth *Eitel* factor, the Court should consider the amount of money at stake in relation to the seriousness of Defendants' conduct.  *Newcosmopolitanlasvegas.com*, at *2.  The sum of money Plaintiff seeks here is relatively large, exceeding $215,000.  (Mot. for Default Judg. (#14) at 6-7).  However, the relief sought is appropriate given the alleged value of the construction materials Plaintiff delivered with interest, and the attorney's fees sought pursuant to Fed. R. Civ. P. 54 and Local Rules 54-1 through 54-16.  (*See id*. at 4, 6-7).  This factor weighs neither in favor nor against granting default judgment.  *See Newcosmopolitanlasvegas.com*, at *2.

The fifth *Eitel* factor favors default judgment.  Given the sufficiency of the complaint and Defendants' default, and the assumption that all well-pleaded factual allegations in the complaint are true, there is no genuine dispute of material facts that would preclude granting Plaintiff's motion.  *Newcosmopolitanlasvegas.com*, at *2.

The sixth *Eitel* factor weighs in Plaintiff's favor as well because the Court cannot reasonably conclude that Defendants' default is due to excusable neglect.  Defendants were properly served with copies of the complaint on three separate occasions.  (*See* Affidavit (#6) at 2; *see also* Proof

of Service (#7) at 2; *see also* Proof of Service (#8) at 2.  More than 21 days have elapsed, and Defendants have failed to file an appropriate response.  (*See generally* Docket Sheet; *see also* Mot. for Default Judg. (#14) at 5).  Therefore, Defendants' failure to respond cannot reasonably be due to excusable neglect.  *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (finding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action through licensed counsel).

The final factor of the *Eitel* test weighs against granting default judgment.  "Cases should be decided upon their merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472.  But the mere existence of Rule 55(b) indicates that this preference, standing alone, is not dispositive.  *Newcosmopolitanlasvegas.com*, at *2.  Further, Defendants' failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible."  *Id.*

Upon reviewing Plaintiff's motion and considering the *Eitel* factors as a whole, the Court concludes that the entry of default judgment is appropriate against Defendants.  The Court now turns to the reasonableness of damages and relief sought in the default judgment.

Once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages.  *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  The party seeking default judgment is required to prove all damages sought in the complaint, and those damages may not "differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c); *see also Fullmer v. Brown*, 2:09-CV-01442-RCJ-PAL, 2010 WL 3860650, at *1 (D. Nev. Sept. 28, 2010).  If sufficiently documented and detailed, damages claims may be determined by an accounting, declarations, or affidavits submitted by the plaintiff.  *Fullmer*, at *1.  Otherwise, the court reserves the right to order a full evidentiary hearing.  Fed. R. Civ. P. 55(b)(2); *Geddes*, 559 F.2d at 560.

## A.  FIRST CAUSE OF ACTION

In the first cause of action, Plaintiff alleged that it is entitled to damages for Defendants' breach of contract, totaling over $146,000 for the materials delivered.  (Compl. (#1) at 3).

Further, the complaint alleged that Plaintiff is entitled to recover service charges, in the form of interest, costs of suit, attorney's fees, and any other costs incurred.  (*Id*.).

On a breach of a contract to pay, the amount that seller would have received had the contract been kept is the measure of damages if the contract is broken.  *Hornwood v. Smith's Food King No. 1*, 807 P.2d 208, 211 (Nev. 1991).  A suit upon a contractual obligation to pay money at a fixed time is a suit to recover damage for its breach, which includes both the principle amount and interest for delay in payment.  *Royal Indem. Co. v. United States*, 313 U.S. 289, 295-96 (1941); *see also W. Virginia v. United States*, 479 U.S. 305, 305 (1987).  A federal district court is at liberty to determine, by its own criteria, the appropriate measure of damages in terms of interest.  *See Royal Indem. Co*., 313 U.S. at 295-296.

Here, Plaintiff clearly itemizes the cost of construction materials that Plaintiff delivered to Defendants, as per the credit application that Defendant Teresa A. Poisson signed.  (*See* Exhibit 1 (#15-1); *see also* Exhibit 2 (#15-2)).  The unpaid invoices total $146,633.75.  (Mot. for Default Judg. (#14) at 6).  This amount represents the amount Plaintiff would have received had the contract been kept—which equals the amount of damages according to *Hornwood*.  Therefore, this Court finds Plaintiff's requested amount appropriate.

In addition to the compensatory damages, Plaintiff requests accrued interest at the rate of 18% per year on the unpaid invoices, as agreed to in the Credit Application, in a total amount of $60,935.84.  (Mot. for Default Judg. (#14) at 6).  Plaintiff requests additional interest, which will continue to accrue at the rate of 18% per year until judgment is entered, in the amount of $73.32 per day.  (*Id.* at 7).  Following *Royal Indem. Co*., where the Supreme Court held that a district court may appropriate damages for breach of contract to include interest for the delay in payment, this Court finds the contractually agreed-to amount appropriate.  Therefore, Defendants are liable for accrued interest in the amount of $60,935.84 as of April 1, 2013, plus an additional $73.32 for each additional day until the date this order is filed.  In total, Defendants owe compensatory damages in the amount of $207,569.59, plus continually accruing interest in the amount of $73.32 per day from April 1, 2013 until the date judgment in entered.

**B.  SECOND CAUSE OF ACTION**

Plaintiff alleges that, in order to avoid unjust enrichment and/or an inequitable result, Plaintiff is entitled to judgment against Defendants in an amount that reflects the value of the construction materials delivered.  (Compl. (#1) at 4).

Here, although Plaintiff's complaint states a valid claim for unjust enrichment, this Court denies Plaintiff's unjust enrichment claim because an action based on a theory of unjust enrichment is not available when there is an express, written contract.[2]  *Leasepartners Corp.*, 942 P.2d at 187.  Because Plaintiff's complaint alleges that Defendants executed a written Credit Application, this Court finds that Plaintiff is entitled to no additional damages pursuant to Plaintiff's second cause of action.  (*See* Compl.  (#1) at 2).

**C.  THIRD CAUSE OF ACTION**

Plaintiff's complaint requests that either Defendant Company and/or Defendant Teresa A. Poisson pay in full for the value of the delivered construction materials, as Defendant Teresa A. Poisson breached the Personal Guarantee clause included in the Credit Application.  (Compl. (#1) at 4-5).

In the Personal Guarantee, Defendant Teresa A. Poisson expressly guaranteed any and all charges and/or money due from the Company to Plaintiff, including attorney's fees and costs incurred in the event of a default on payment.  (*Id.* at 4; Mot. for Default Judg. (#14) at 2). Again assuming all allegations are true, this Court finds Defendants liable for breach of the Personal Guarantee.  However, while this added contractual safeguard entitles Plaintiff to damages, the breach of contract claim again provides an adequate remedy at law for the full value of construction materials owed to Plaintiff.  The provision does, however, expressly hold Defendants liable for Plaintiff's attorney's fees and costs.  (*See* Mot. for Default Judg. (#14) at 2).  The Court will consider the reasonableness of the attorney's fees and costs requested in the next section.

---

[2] Please refer to the unjust enrichment discussion on pages 4-5.

**II. ATTORNEY'S FEES AND COSTS**

Plaintiff requests attorney's fees in the amount of $15,131.25, and costs of suit in the amount of $473.85—both pursuant to the Credit Application between the parties.  (Mot. for Default Judg. (#14) at 7).  While the breach of Personal Guarantee entitles Plaintiff to attorney's fees and costs, Plaintiff must still show proof of the relief requested pursuant to Fed. R. Civ. P. 54 and Local Rules 54-1 through 54-16.

In the Ninth Circuit, the starting point for determining reasonable fees is the calculation of the "lodestar," which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate.  *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987).  "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (internal quotations and citation omitted).  In calculating the lodestar, the court must determine a reasonable rate and a reasonable number of hours for each attorney.  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied, amended on other grounds,* 808 F.2d 1373 (9th Cir. 1987).  The lodestar is deemed to be presumptively reasonable, though the district court has the discretion to consider and upward or downward adjustment.  *Fitzsimmons v. Rickenbacker Fin., Inc.*, 2:11-CV-1315-JCM-PAL, 2012 WL 3994477, at *3 (D. Nev. Sept. 11, 2012).  For example, in *Fitzsimmons*, plaintiff's complaint sought attorney's fees comprised of 6.5 hours at $350 per hour, in addition to $518 in costs related to filing the case and serving defendant.  *Id*. at *4. There, the declaration of counsel substantiated these billing practices and costs incurred.  *Id*.  Thus, that court found the attorney's fees and costs reasonable.  *Id.*

A motion for attorney's fees and related nontaxable expenses must be filed no later than 14 days after the entry of judgment.  Fed. R. Civ. P. 54(d)(2)(B)(i).  The motion must state the amount sought or provide a fair estimate.  Fed. R. Civ. P. 54(d)(2)(B)(iii).  Local Rule 54-16(b) further requires that the motion include the following components:

(1) A reasonable itemization and description of the work performed;

(2) An itemization of all costs sought to be charged as part of the fee award and not

     otherwise taxable pursuant to LR 54-1 through 54-15;

(3) A brief summary of the following:

     A.  The results obtained and the amount involved;

     B.  The time and labor required;

     C.  The novelty and difficulty of the questions involved;

     D.  The skill requisite to perform the legal service properly;

     E.  The preclusion of other employment by the attorney due to acceptance of the

        case;

     F.  The customary fee;

     G.  Whether the fee is fixed or contingent;

     H.  The time limitations imposed by the client or the circumstances;

     I.   The experience, reputation, and ability of the attorney(s);

     J.   The undesirability of the case, if any;

     K.  The nature and length of the professional relationship with the client;

     L.  Awards in similar cases; and,

(4) Such other information as the Court may direct.

In addition, the motion for attorney's fees and costs must be accompanied by an affidavit

from the attorney responsible for the billings in the case to authenticate the information

contained in the motion, and to prove that the fees and costs sought are reasonable.  LR 54-16(c).

A failure to provide the documentation required by LR 54-16(b) and (c) in a motion for

attorney's fees "constitutes a consent to the denial of the motion."  LR 54-16(d).

Here, Plaintiff's motion for attorney's fees was filed in a timely manner pursuant to Fed. R.

Civ. P. 54(d)(2)(B)(i).  Further, Plaintiff's motion for default judgment contained the 12 factors

outlined in LR 54-16(b)(3).  (*See* Mot. for Default Judg. (#14) at 3-5).  For example, Plaintiff's

motion alleged, *inter alia*, that the time and labor required was extensive compared to the

average breach of contract case, and that Plaintiff has employed the undersigned law firm for

many years on a variety of matters thereby complying with LR 54-16(b)(3)(K) and LR 54-

16(b)(3)(B).  (Mot. for Default Judg. (#14) at 4).  Further, Plaintiff filed a concurrent affidavit submitted by attorney Matthew C. Addison, which lists time entries to substantiate the relief sought, in compliance with LR 54-16(b)(1).  (*See* Exhibit 1 (#16) at 8-9).  Plaintiff also filed a bill of costs pursuant to LR 54-1, and an itemization of additional costs sought to be charged as part of the fee award pursuant to 54-16(b)(2).  (*See* Exhibit 2 (#16) at 11-14).

The extensive counsel declarations substantiating the requested attorney's fees mirror those in *Fitzsimmons,* where the court found the attorney's fees and costs reasonable.  Having reviewed the affidavit submitted by Matthew C. Addison, computed the attorney's hourly rate and considered the time spent on each task, the Court finds that the amount of hours expended and the billable rates used are reasonable.  (*See* Exhibit 1 (#16) at 8-9).  Further, the Court has reviewed the separately filed bill of costs expended on prosecuting this case, and finds the computations reasonable.  (*See* Exhibit 2 (#16) at 11-14).  Thus, Plaintiff is entitled to the requested attorney's fees in the amount of $15,131.25 and costs in the amount of $473.85, totaling $15,605.10.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff Jensen Enterprises Inc.'s Motion for Entry of Default Judgment Against Defendants Poisson Communications, Inc. and Teresa A. Poisson pursuant to Fed. R. Civ. P. 55(b)(2) (#14) is GRANTED.

IT IS FURTHER ORDERED that default judgment is entered in favor of Plaintiff Jensen Enterprises Inc. against Defendants Poisson Communications and Teresa A. Poisson in the amount of $207,569.59, plus continually accruing interest in the amount of $73.32 per day from April 1, 2013 until the date judgment in entered.

///
///
///
///
///
///

IT IS FURTHER ORDERED that Plaintiff Jensen Enterprises Inc.'s motion for attorney's fees and costs against Defendants Poisson Communications, Inc. and Teresa A. Poisson is GRANTED.  The Court grants attorney's fees in the amount of $15,131.25 and costs in the amount of $473.85.

Dated this 6th day of September, 2013.

_____
United States District Judge